## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **KRISTIN MOPPIN** ) | |
| *Plaintiff* ) | |
| v. ) | Case No: |
| ) | |
| **SELECT SPECIALTY HOSPITAL-KANSAS** ) | **JURY TRIAL DEMANDED** |
| **CITY, INC.** ) | |
| *Serve Registered Agent*: ) | |
| The Corporation Company, Inc. ) | |
| 112 SW 7th Street, Suite 3C ) | |
| Topeka, KS 66603 ) | |
| ) | |
| **SELECT EMPLOYMENT SERVICES, INC.** ) | |
| *Serve Registered Agent*: ) | |
| The Corporation Trust Company ) | |
| Corporation Trust Center ) | |
| 1209 Orange Street ) | |
| Wilmington, DE 19801 ) | |
| ) | |
| **SELECT MEDICAL CORPORATION** ) | |
| *Serve Registered Agent*: ) | |
| The Corporation Trust Company ) | |
| Corporation Trust Center ) | |
| 1209 Orange Street ) | |
| Wilmington, DE 19801 ) | |
| *Defendants* ) | |

## COMPLAINT

COMES NOW Plaintiff Kristin Moppin ("Plaintiff"), by and through her attorneys to make the following Complaint against Defendants.

## NATURE OF THE CLAIM

1.     This is an employment discrimination case arising under the Americans with Disabilities Act, 42 USC §§12101 – 12213, ("ADA") and the common law of Kansas.

2.     During her employment with Defendants, Plaintiff suffered a disabling workplace injury, and thereafter exercised her rights under the ADA and under the workers' compensation laws of Kansas.

3.      Defendants unlawfully discriminated and retaliated against Plaintiff for exercising her rights under the ADA and the workers' compensation laws of Kansas, failed to accommodate Plaintiff's disability and interfered with Plaintiff's rights under the ADA.

4.      Defendants discriminated against Plaintiff and unlawfully terminated Plaintiff based on her disability, requests for accommodations, and/or her invocation of rights under the workers' compensation laws of Kansas.

5.      Plaintiff seeks all legal and equitable relief available under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq*. and the common law of Kansas.

## PARTIES

6.      **PLAINTIFF** is a female citizen of the USA domiciled in Kansas.

7.      Plaintiff was employed to work at the Select Specialty Hospital located at 1731 North 90th Street in Kansas City, KS, 66112 ("HOSPITAL") from approximately June 2018 until May 2019.

8.      Throughout Plaintiff's employment with Defendant she was an "employee" of Defendants as that term is defined by 42 USC § 12111(4).

9.       Starting on or about December 14, 2018, Plaintiff suffered a workplace injury to her left knee that resulted in a "disability" as that term is defined by 42 USC § 12102(1) as it was a physical condition that substantially limited one or more major life activity, including but not limited to caring for herself, performing manual tasks, lifting, ambulation involving the legs, and working.

10.      Starting on or about December 14, 2018, Plaintiff had a "disability" as that term is defined by 42 USC § 12102(1), in that she had a record of having the impairment described in the preceding paragraph.

11.    Starting on or about December 14, 2018, Plaintiff had a "disability" as that term is defined by 42 USC § 12102(1), in that she was regarded as having a physical impairment that substantially limited one or more major life activity which persisted for more than six months.

12.    **DEFENDANT SELECT SPECIALTY HOSPITAL-KANSAS CITY, INC.** is a citizen of Missouri (its state of incorporation) and Pennsylvania (the state in which its principal place of business is located).

13.    Defendant Select Specialty Hospital-Kansas City, Inc. owns and operates the HOSPITAL at which Plaintiff worked during her employment.

14.    Defendant Select Specialty Hospital-Kansas City, Inc. employed Plaintiff during her employment at the HOSPITAL.

15.    Defendant Select Specialty Hospital-Kansas City, Inc. employed the persons who supervised Plaintiff during her employment at the HOSPITAL.

16.    At all times during Plaintiff's employment, Select Specialty Hospital-Kansas City, Inc. was an "employer" as that term is defined by 42 USC § 12111(5) in that it was engaged in an industry affecting commerce and had 15 or more employees.

17.    Further investigation and discovery will likely show that throughout Plaintiff's employment, Select Specialty Hospital-Kansas City, Inc. employed 101 or more employees.

18.    **DEFENDANT SELECT EMPLOYMENT SERVICES, INC.** is a citizen of Delaware (its state of incorporation) and Pennsylvania (the state in which its principal place of business is located).

19.    Defendant Select Employment Services, Inc. paid Plaintiff for the labor she provided while employed at the HOSPITAL.

20. Defendant Select Employment Services, Inc. issued Plaintiff an IRS Form W2 for the labor she provided while employed at the HOSPITAL for 2018.

21. Further investigation and discovery will likely show that Defendant Select Employment Services, Inc. deducted the wages paid to Plaintiff to compensate her for the labor she provided while employed at the HOSPITAL during 2018 in its 2018 tax return as a business expense.

22. At all times during Plaintiff's employment, Select Specialty Hospital-Kansas City, Inc. was an "employer" as that term is defined by 42 USC § 12111(5) in that it was engaged in an industry affecting commerce and had 15 or more employees.

23. Further investigation and discovery will likely show that throughout Plaintiff's employment, Select Specialty Hospital-Kansas City, Inc. employed 501 or more employees.

24. Defendant **SELECT MEDICAL CORPORATION** is a citizen of Delaware (its state of incorporation) and Pennsylvania (the state in which its principal place of business is located).

25. Defendant Select Medical Corporation created, published, and established the employment policies in place at the HOSPITAL that were effective during Plaintiff's employment.

26. Defendant Select Medical Corporation employed persons who were involved in responding to Plaintiff's requests for accommodations, the interactive process, and the decisions alleged herein to be discriminatory, including but not limited to the decision to remove her accommodation of working as a receptionist.

27. Defendant Select Medical Corporation employed persons who assisted the managerial and supervisory employees of Select Specialty Hospital-Kansas City, Inc. regarding the implementation, training, and enforcement of employment policies, discrimination policies,

reasonable accommodation policies, workers' compensation policies, anti-retaliation policies, and decisions regarding the interactive process for disabled employees who request accommodations.

28.    At all times during Plaintiff's employment, Select Medical Corporation was an "employer" as that term is defined by 42 USC § 12111(5) in that it was engaged in an industry affecting commerce and had 15 or more employees.

29.    Further investigation and discovery will likely show that throughout Plaintiff's employment, Select Medical Corporation employed 501 or more employees.

## SUBJECT MATTER JURISDICTION

30.    This Court has original subject matter jurisdiction over this case pursuant to 28 USC § 1331 because Counts I and II arise under the ADA.

31.    This Court has supplemental jurisdiction over Plaintiff's Kansas law claim of retaliatory discharge (Count III) pursuant to 28 USC § 1367 because Count III forms part of the same case or controversy as Counts I and II in that all Counts arise out of the same facts, occurrences, and transactions.

## VENUE

32.    Venue is proper in this District pursuant to 28 USC § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PROCEDURES

33.    On May 25, 2019, Plaintiff filed a Charge of Discrimination with the EEOC against Defendants. The EEOC assigned the Charge # **563-2019-02092** and file-stamped the Charge on May 25, 2019 acknowledging its receipt of the same. A copy of the Charge is attached hereto as **Exhibit A** and is hereby incorporated by reference.

34.     On August 8, 2019 the EEOC issued Plaintiff a Notice of Right to Sue for Charge #563-2019-02092. A copy of the Notice is attached hereto as **Exhibit B** and is hereby incorporated by reference.

35.     This action has been filed within 90 days of August 8, 2019.

## FACTS

36.     On or about June 12, 2018, Plaintiff was hired by Defendants to work at the HOSPITAL as a Certified Nursing Assistant or CNA.

37.     On or about December 14, 2018, Plaintiff suffered a workplace injury to her left knee.

38.     Plaintiff's workplace injury substantially limited her ability to ambulate, squat, kneel, walk for a long period of time, climb stairs, push, pull, lift, and mobilize herself.

39.     Plaintiff's workplace injury continues to substantially interfere with Plaintiff's ability to engage in the foregoing major life activities.

40.      Plaintiff reported her workplace injury to Defendants, requested medical treatment through Defendants' workers' compensation provider, and received such medical treatment and evaluation.

41.     Plaintiff hired an attorney to represent her workers' compensation interests and her Defendant became aware of the same.

42.     Plaintiff requested reasonable accommodations for her disabling workplace injury, including taking time off work for medical appointments, restricted and modified job duties, and a change in duties and responsibilities.

43.     Starting December 18, 2018, Defendants modified Plaintiff's work schedule and job role as a reasonable accommodation for her disabling workplace injury.

44.     Starting December 20, 2018, Plaintiff began working at the reception desk at the HOSPITAL.

45.     Starting December 20,2018, the person who previously worked as the receptionist was moved to a different location in the HOSPITAL and started performing different tasks.

46.     In January 2019, Defendants' workers' compensation medical provider referred Plaintiff to an orthopedic surgeon because of the seriousness of the physical condition that resulted from her workplace injury.

47.     During January 2019, Plaintiff received more work restrictions due to her medical condition and Defendants were notified of the same.

48.     Plaintiff continued to miss work for medical appointments during and after January 2019.

49.     During March 2019, Defendants reprimanded Plaintiff for missing work due to her disability and need for medical treatment as a result of her workplace injury. She was warned about Defendants' point system and told she was being assigned points for missing work for her doctors' appointments.

50.     After Plaintiff's workers' compensation claim was resolved, Defendants then solicited Plaintiff's resignation, which Plaintiff refused.

51.     On or about April 16, 2019, Defendants received a request for accommodation from Plaintiff's primary care provider which included restrictions for Plaintiff's physical movements; however, these restrictions would not have prevented Plaintiff from performing the receptionist role that she had been performing since December 2018.

52.     On or about April 18, 2019, Plaintiff made a request to use Paid Time Off ("PTO") but her request was denied even though she had PTO available to use.

53.     Plaintiff asked local HR why her request for PTO was denied, but local HR refused to give Plaintiff an explanation.

54.     On or about April 24, 2019, Plaintiff submitted a complaint to Defendants regarding Plaintiff's request for PTO being denied, which Plaintiff believed to be in retaliation for her exercising her rights related to her workplace injury and needs for accommodations.

55.     Defendants then cut Plaintiff's hours by one hour per day.

56.     On or about April 30, 2019, Defendants received a request for accommodation from Plaintiff's primary care provider that included restrictions for Plaintiff's physical movements; however, these restrictions would not have prevented Plaintiff from performing the receptionist role that she had been performing since December 2018.

57.     On May 1, 2019, Defendants notified Plaintiff that she was being removed from her position as receptionist because the prior receptionist had requested to return to working as receptionist.

58.     Prior to May 1, 2019, the prior receptionist had not requested to return to working as receptionist.

59.     On May 1, 2019, Defendants notified Plaintiff that if she wanted to continue working for Defendants, the only positions that she could do were as needed, or PRN positions.

60.     Plaintiff informed Defendants that she wished to work PRN.

61.     After May 1, 2019, there was a need for someone to work the receptionist position, but the opportunity was not provided to Plaintiff.

62.     At all times mentioned herein, before and after, the above described perpetrators were agents, servant and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, or their actions were expressly authorized or

ratified by Defendant. Therefore, Defendant is liable for the actions of said persons and/or other perpetrators under all theories pled herein.

## COUNT I
### ADA - Disability Discrimination

63.     Plaintiff incorporates by reference every other allegation made in this Complaint.

64.     Plaintiff was an employee of Defendants for purposes of the ADA.

65.     Plaintiff was disabled for purposes of the ADA.

66.     Plaintiff had a record of being disabled for purposes of the ADA.

67.     Defendants regarded Plaintiff as being disabled for purposes of the ADA.

68.     Defendants issued Plaintiff unwarranted discipline during March 2019 because Plaintiff was disabled, had a record of being disabled, or because it regarded her as disabled.

69.     Defendants refused to approve Plaintiff's request for PTO because Plaintiff was disabled, had a record of being disabled, or because it regarded her as disabled.

70.     Defendants reduced Plaintiff's working hours because Plaintiff was disabled, had a record of being disabled, or because it regarded her as disabled.

71.     Defendants terminated Plaintiff's receptionist position on or about May 1, 2019 because Plaintiff was disabled, had a record of being disabled, or because it regarded her as disabled.

72.     Defendants failed to provide Plaintiff reasonable accommodations to Plaintiff as of May 1, 2019 and beyond even though there were reasonable accommodations available, including allowing Plaintiff to continue working as the receptionist or allowing her to work as receptionist when the former receptionist took time off work.

73.     The foregoing adverse employment actions directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

74.     The persons who terminated Plaintiff's employment with Defendants were agents of Defendant who were acting in the course and scope of their agency with Defendants or acted with express authority from Defendants.

75.     Defendants, through their agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendants are therefore liable for punitive damages in an amount sufficient to punish Defendants and to deter them and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count I of her Complaint, for a finding that she was subjected to unlawful discrimination in violation of 42 U.S.C. § 12101 *et seq.*; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' and experts' fees provided by 42 U.S.C. §2000e-5(k); and for such other relief the Court deems just and proper.

## COUNT II
## ADA – Interference and Retaliation

76.     Plaintiff incorporates by reference every other allegation made in this Complaint.

77.     Plaintiff engaged in protected activity by requesting workplace accommodations to accommodate her disability and by reporting her reasonable, good faith belief that she was being mistreated after reporting her workplace injury and seeking reasonable accommodations for the disabling physical condition that resulted therefrom.

78.     Defendant interfered with Plaintiff's exercise of her ADA rights and retaliated against Plaintiff for exercising her ADA rights by issuing her unwarranted discipline, refusing to

approve her request for PTO, cutting her work hours, soliciting her resignation, eliminating her reasonable accommodation, and terminating her position as receptionist, which was previously provided as a reasonable accommodation for her disability.

79.     The acts of interference and materially adverse acts alleged above directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

80.     The persons who engaged in the foregoing acts of interference and retaliation were agents of Defendants who were acting in the course and scope of their agency with Defendants or acted with express authority from Defendants.

81.     Defendants, through their agents or employees, acted outrageously by engaging in discriminatory and retaliatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendants are therefore liable for punitive damages in an amount sufficient to punish Defendants and to deter them and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count II of her Complaint, for a finding that she has been subjected to unlawful interference and retaliation prohibited by 42 U.S.C. 2000e *et seq.*; for compensatory and punitive damages; costs expended; reasonable attorneys' and experts' fees provided by 42 U.S.C. 2000e-5(k); and for such other and further relief the Court deems just and proper.

## COUNT III
### Kansas Common Law
### Retaliatory Discharge

82.     Plaintiff incorporates by reference every other allegation made in this Complaint.

83.     The public policy of the state of Kansas is that all employees have the right to utilize the workers' compensation laws of Kansas, KSA §44-501 *et seq.* without suffering adverse employment consequences in retaliation for doing so.

84.     Plaintiff availed herself of the workers' compensation laws of Kansas by reporting her workplace injury, seeking medical leaves of absence, seeking medical treatment through workers' compensation, pursuing a workers' compensation claim, and by insisting that her employer honor her medical restrictions, and by refusing to resign.

85.     Defendants terminated Plaintiff's position as receptionist, which was previously provided as a reasonable accommodation for her disability.

86.     The foregoing actions were taken against Plaintiff because she exercised her rights under the workers' compensation laws of Kansas and directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, intimidation, humiliation, embarrassment and frustration.

87.     The persons who terminated Plaintiff's position as receptionist were agents of Defendants who were acting in the course and scope of their agency with Defendants or acted with express authority from Defendants.

88.     Defendants, through their agents or employees, acted outrageously by terminating Plaintiff's position as receptionist, doing so with malice or reckless indifference to Plaintiff's legal rights. Defendants are therefore liable for punitive damages in an amount sufficient to punish Defendants and to deter them and other employers from engaging in similar conduct

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Complaint, for a finding that she was unlawfully discharged from her receptionist position in retaliation for invoking his rights under the workers' compensation laws of Kansas and for all

relief available under Kansas law and the 7th Amendment of the US Constitution including compensatory and punitive damages, costs, interest, and all other relief the Court deems fair, reasonable, and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all triable issues alleged herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designated Kansas City, Kansas as the place of trial.

Respectfully Submitted,

**RALSTON KINNEY, LLC**

By:    /s/ *Kenneth D. Kinney*
            Thomas F. Ralston, D.Kan. #78212
            Kenneth D. Kinney, D.Kan. #78544
            4717 Grand Avenue, Suite 250
            Kansas City, Missouri 64112
            Telephone: (816) 298-0086
            Facsimile: (816) 298-9455
            Email: tom@rklawllc.com
            Email: ken@rklawllc.com

            **ATTORNEYS FOR PLAINTIFF**